NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ABDULLAH SHABAZZ,**

*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2017-2007

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-97, Judge Margaret C. Bartley.

---

Decided: September 7, 2017

---

ABDULLAH SHABAZZ, Milwaukee, WI, pro se.

ANDREW W. LAMB, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; BRIAN D. GRIFFIN, MARTIN JAMES SENDEK, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, MOORE, and TARANTO, *Circuit Judges.*

PER CURIAM.

Abdullah Shabazz appeals from a decision by the Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal for lack of jurisdiction. Because we lack jurisdiction over the issues Mr. Shabazz raises on appeal, we *dismiss*.

## BACKGROUND

Mr. Shabazz served in the Army from May 1955 until October 1958. In June 2001, he expressed interest in receiving vocational training to become a paralegal. After a lengthy series of evaluations and hearings, on August 25, 2015, the Board of Veterans' Appeals (the "Board") issued an order denying Mr. Shabazz's request for vocational rehabilitation benefits because Mr. Shabazz's goal of employment as a paralegal was not reasonably achievable. The order contained an attachment informing Mr. Shabazz that he had 120 days to appeal the decision to the Veterans Court. Mr. Shabazz filed his notice of appeal on January 9, 2017, approximately 16 months after the Board's order.

The Veterans Court issued a show cause order explaining equitable tolling and providing Mr. Shabazz 30 days to show cause why his appeal should not be dismissed for untimely filing. Mr. Shabazz responded with a variety of arguments, including that the Board's order violated the Fifth, Sixth, and Fourteenth Amendments. The Veterans Court dismissed Mr. Shabazz's appeal. It held that Mr. Shabazz failed to address equitable tolling in his response and failed to provide any information that would support equitable tolling of the 120-day period. Mr. Shabazz timely appealed to our court.

DISCUSSION

Our jurisdiction over appeals from the Veterans Court is statutorily limited. We may review challenges to the "validity of any statute or regulation or any interpretation thereof" and may "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We may not review challenges to factual determinations or to the application of a law or regulation to the facts of a particular case unless the appeal presents a constitutional issue. *Id.* §§ 7292(d)(1)–(2).

Pursuant to 38 U.S.C. § 7266(a), a veteran must appeal an adverse decision from the Board within 120 days. Mr. Shabazz's appeal asks us to determine whether the Veterans Court applied the statute correctly. He does not challenge the validity of any statute or regulation or the Veterans Court's interpretation thereof. Nor does Mr. Shabazz's appeal present a constitutional issue. Although Mr. Shabazz cited multiple constitutional provisions in his response to the Veterans Court's show cause order, he did not provide any explanation for why his constitutional rights had been violated. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (noting the Federal Circuit lacks jurisdiction over claims that are constitutional in name only). Accordingly, we do not have jurisdiction to review the Veterans Court's dismissal of Mr. Shabazz's appeal.

CONCLUSION

For the foregoing reasons, Mr. Shabazz's appeal is *dismissed* for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.